UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In re RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION | MDL Docket No. 1869<br>Miscellaneous No. 07-0489 (PLF/GMH) |
| This document relates to:<br>ALL DIRECT PURCHASER CASES |  |
| OXBOW CARBON & MINERALS LLC, et al.,<br>Plaintiffs,<br>v.<br>UNION PACIFIC RAILROAD COMPANY<br>and<br>BNSF RAILWAY COMPANY,<br>Defendants. | Civil Action No. 11-1049 (PLF/GMH) |

MEMORANDUM OPINION AND ORDER

The Court has reviewed the joint submissions concerning proposed schedules filed on December 4, 2019 in the Rail Freight case [Dkt. No. 900] and in Oxbow [Dkt. No. 160], as well as the joint supplemental submissions filed at the Court's request in each case on December 16, 2019 [Dkt. No. 917 in Rail Freight, Dkt. No. 162 in Oxbow]. The Court understands that the parties now agree that the Court is being asked to resolve two issues within the next year or so – (1) the meaning and scope of 49 U.S.C. § 10706, and (2) summary judgment on the question of liability only – and that no Daubert issues will need to be resolved by this Court. Damages discovery, involving expert witnesses, will be proceeding at the same

time on a parallel track. Any discovery disputes will be resolved by Magistrate Judge G. Michael Harvey.

In their supplemental submission in Rail Freight, the parties now agree that resolution of the Section 10706 issue and any liability-related summary judgment motions need not await supplemental expert disclosures and expert discovery or the resolution of Daubert motions. These matters relate to damages, and the summary judgment motions to be resolved by this Court will relate only to liability. See Dkt. No.917 at 2-3, 4-5. The parties agree that neither the expert disclosures or any subsequent Daubert motions or damages-related summary judgment motions need to be resolved before this Court decides the Section 10706 issue and summary judgment as it relates to liability. See id.at 3, 5.

While Oxbow still believes that Daubert motions will need to be briefed in Oxbow, they do not disagree that the Section 10706 issue and summary judgment relating to liability should be resolved separate and apart from Daubert. See Dkt. No. 162 at 1-2.

In their joint submission in Rail Freight, the parties represent that the parties in the related cases – that is, the eleven cases designated as related that recently have been filed before this Court – believe that briefing should begin promptly on the Section 10706 and liability issues "on a single, coordinated schedule in the MDL and in Oxbow," and that briefing on those issues should proceed while damages and other case-specific issues in the related cases proceed on parallel tracks. See Docket No. 917 at 6. The related parties may wish to file briefs on the Section 10706 and liability issues but will endeavor to avoid duplicative briefing. Id.[1]

The parties in Rail Freight disagree as to whether additional briefing is required on the Section 10706 issue and whether there needs to be an evidentiary hearing on the Section

---

[1] The Court expects the parties in Rail Freight and/or in the eleven related cases to take the necessary steps either in this Court or before the MDL to make sure all the related cases are consolidated and coordinated before the undersigned and Magistrate Judge Harvey.

2

10706 issue. Compare Dkt. No. 900 at 1-5 with id. at 12-13. After carefully considering the respective positions of the parties, the Court will allow limited additional briefing on the Section 10706 issue, but it sees no purpose to be served by an evidentiary hearing. Damages discovery may proceed on separate tracks at the same time. Setting schedules for discovery and resolving all discovery disputes with respect to both fact and expert discovery in all of the cases will be the responsibility of Magistrate Judge Harvey. Accordingly, it is hereby

ORDERED that on or before February 21, 2020, the defendants shall file their motion and/or memorandum of law supplementing their previous Section 10706 filings; it is

FURTHER ORDERED that on or before April 3, 2020, the plaintiffs in both Rail Freight and Oxbow shall file their responses to defendants' Section 10706 motion or memorandum (including any supplement to their previous Section 10706 filings). Plaintiffs in the related cases may file any responses to defendants' Section 10706 motion (with efforts to avoid duplicative arguments) on the same date; it is

FURTHER ORDERED that on or before April 24, 2020, the defendants shall file a reply in support of their Section 10706 motion; it is

FURTHER ORDERED that oral argument on the Section 10706 motion is scheduled for May 7, 2020 at 10:00 a.m.; and it is

FURTHER ORDERED that the plaintiffs and defendants' initial briefs in <u>Rail Freight</u> and <u>Oxbow</u> are limited to 45 pages, defendants' reply to 25 pages. The schedule for briefing of summary judgment on the question of liability will be set after the Court rules on the Section 10706 issue.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

DATE: December 19, 2019