UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re RAIL FREIGHT FUEL SURCHARGE ANTITRUST LITIGATION ) ) ) ) ) This document relates to: ) ) ALL DIRECT PURCHASER CASES ) ) OXBOW CARBON & MINERALS LLC, et al., ) ) Plaintiffs, ) ) v. ) ) UNION PACIFIC RAILROAD CO., et al., ) ) Defendants. ) | MDL Docket No. 1869 Miscellaneous No. 07-0489 (PLF) Civil Action No. 11-1049 (PLF) |

MEMORANDUM OPINION AND ORDER

The Court has reviewed the submissions of all parties in the above-captioned cases concerning setting a briefing schedule for summary judgment motions as to the issue of liability.[1] Upon careful consideration of these submissions, the Court concludes that it is appropriate to enter a summary judgment briefing schedule at this time.

---

[1] The Court has reviewed the following documents in connection with the pending request filed in the Rail Freight case: Transcript of Nov. 14, 2019 Status Conference ("Nov. 14, 2019 Status Conf. Tr.") [Dkt. No. 888]; Joint Submission Concerning Proposed Schedules Per November 14, 2019 Minute Order ("Dec. 4, 2019 Joint Submission") [Dkt. No. 900] at 8, 15; Joint Submission Concerning Proposed Schedule ("Dec. 16, 2019 Joint Submission") [Dkt. No. 917]; Plaintiffs' Notice of Request for the Court to Set Briefing Schedule for Summary Judgment Motions Addressing Liability ("Pl. Notice") [Dkt. No. 1009]; Defendants' Response to Plaintiffs' Request for Briefing Schedule and Preemptive Arguments Against Certification for Interlocutory Appeal ("Def. Resp.") [Dkt. No. 1011]; Plaintiffs' Reply

The parties previously agreed that briefing on summary judgment as to liability would follow this Court's ruling on the application of 49 U.S.C. § 10706. See Dec. 4, 2019 Joint Submission at 8, 15; Dec. 16, 2019 Joint Submission at 2-5. The Court adopted this view and ordered that "[t]he schedule for briefing of summary judgment on the question of liability will be set after the Court rules on the Section 10706 issue." December 19, 2019 Order ("Dec. 19, 2019 Order") [Dkt. No. 918] at 4. The Court recently issued its ruling on Section 10706 and will accordingly set a briefing schedule for summary judgment as to liability. See February 19, 2021 Opinion [Dkt. No. 1008].

The Court finds it necessary to emphasize that this Order concerns briefing on summary judgment as to liability only. The Court made plain when it agreed to maintain jurisdiction over these cases, reluctantly and at the parties' urging, that it would do so only through a decision on the Section 10706 issue and on summary judgment as to liability. See Dec. 19, 2019 Order at 2 ("[T]he summary judgment motions to be resolved by this Court will relate only to liability."); see also Nov. 14, 2019 Status Conf. Tr. at 25:8-26:11, 31:14-20, 34:16-35:11, 45:19-21, 46:1-2, 69:7-16, 74:1-24. Thereafter, the matter would be transferred to Chief Judge Howell before whom related cases are pending. See Nov. 14, 2019 Status Conf. Tr.

---

in Support of Request for the Court to Set Briefing Schedule for Summary Judgment Motions on Liability ("Pl. Reply") [Dkt. No. 1012]; Joint Statement in Response to the Court's March 23, 2021 Minute Order ("March 24, 2021 Joint Statement") [Dkt. No. 1014].

The Court has reviewed the following documents in connection with the pending request filed in the Oxbow case: Plaintiffs' Notice of Request for the Court to Set Briefing Schedule for Summary Judgment Motions Addressing Liability [Dkt. No. 219]; Defendants' Response to Oxbow's Request for Briefing Schedule [Dkt. No. 221]; Plaintiffs' Reply in Support of Request for the Court to Set Briefing Schedule for Summary Judgment Motions on Liability [Dkt. No. 222]; Joint Submission [Dkt. No. 224].

Unless otherwise noted, references in this document to docket entry numbers are to the docket for In re Rail Freight Fuel Surcharge Antitrust Litigation, Miscellaneous No. 07-0489.

at 74:1-5, 74:11-14.  To the extent that the defendants perceived any ambiguity regarding the scope of summary judgment briefing, see March 24, 2021 Joint Statement at 2, the Court reiterates that with this Memorandum Opinion and Order it is directing the parties to submit briefing on summary judgment as to liability only.  The defendants' suggestion that summary judgment briefing should not commence before the conclusion of expert discovery is therefore unpersuasive and contrary to the defendants' prior representations.  See Def. Resp. at 4-5; Dec. 16, 2019 Joint Submission at 5 ("Defendants do not believe that either the expert disclosures or any subsequent *Daubert* or damages-related summary judgment motions must be resolved before the Court resolves Defendants' Section 10706 Motion or any liability-related summary judgment motions[.]").  Expert discovery concerning damages is proceeding on a "separate track[]" before Magistrate Judge Harvey.  December 19, 2019 Order at 3.

The Court also is not persuaded that its ruling on Section 10706 presents a cause for delay.  The defendants suggest that "[t]he Court's unanticipated rulings make drafting summary judgment motions far different from what Defendants expected."  Def. Resp. at 6.  Yet neither the Court's December 19, 2019 Order nor the parties' prior submissions agreeing that summary judgment briefing on the issue of liability should follow a Section 10706 ruling were predicated on the Court resolving the Section 10706 issue in the manner requested by the defendants.  The defendants also suggest that prompt summary judgment briefing would be inefficient in light of their recently filed Motion for Certification Pursuant to 28 U.S.C. § 1292(b) [Dkt. No. 1010].  Def. Resp. at 7.  This assertion rests on several untested assumptions.  First, for that motion to lead to immediate appellate review, this Court must determine that its ruling on Section 10706 meets the criteria outlined in 28 U.S.C. § 1292(b).  Second, the D.C. Circuit must choose "in its discretion" to "permit an appeal to be taken."  28 U.S.C. § 1292(b).  Finally, even

if this Court certifies its order and the D.C. Circuit accepts the appeal, this "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."  Id.  The prospect of appellate review, and of obtaining a stay of this action during the pendency of that review, is too speculative to justify delay.  Briefing on and resolution of the Section 1292(b) motion will proceed in parallel to and on a separate track from briefing on summary judgment as to liability.

        For the foregoing reasons, it is hereby ORDERED that:

1. The defendants' motions and opening briefs in support of summary judgment as to liability shall be filed on or before May 14, 2021.

2. The plaintiffs' memoranda in opposition to summary judgment motions as to liability shall be filed on or before July 13, 2021.

3. The defendants' reply briefs in support of summary judgment motions as to liability shall be filed on or before August 12, 2021.  Oral argument will be scheduled promptly thereafter.

SO ORDERED.

                                         /s/
                                      PAUL L. FRIEDMAN
                                      United States District Judge

DATE:  March 30, 2021